NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JESUS ALBERTO ESTRADA-DOMINGUEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 08-71425 <br><br> Agency No. A078-039-921 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:      GOODWIN, WALLACE and FISHER, Circuit Judges.

Jesus Alberto Estrada-Dominguez, a native and citizen of Mexico, petitions

pro se for review of a Board of Immigration Appeals order denying his motion to

reopen or reconsider removal proceedings. We review for abuse of discretion.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MVD/Inventory

*Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the Board's denial of Estrada-Dominguez's motion to reopen his application for cancellation of removal, to the extent it introduced further evidence of hardship to his United States citizen children and his lawful permanent resident mother already considered by the IJ. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir. 2006) (explaining that § 1252(a)(2)(B)(i) bars jurisdiction when question presented in motion to reopen is essentially the same hardship ground originally decided).

The Board did not abuse its discretion in concluding that new evidence regarding Estrada-Dominguez's children was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (recognizing that Board's denial of motion to reopen shall be reversed only if "arbitary, irrational or contrary to law").

The Board did not abuse its discretion in denying Estrada-Dominguez's motion to reopen to apply for asylum, withholding of removal or relief under the Convention Against Torture, because Estrada-Dominguez's motion was not accompanied by the "appropriate application for relief" required by 8 C.F.R. § 1003.2(c)(1).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**